BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

### MARCH TERM, 1903.

---

## MARION COE, Appellant, v. DAISY COE, Respondent.

### Kansas City Court of Appeals, March 2, 1903.

1. **Divorce: CONFLICTING TESTIMONY: DEFERRING TO TRIAL COURT: APPELLATE COURT.** In a divorce case where the evidence is conflicting, the appellate court may defer to the finding of the trial court.

2. ————: **DESERTION: INDEBTEDNESS.** Shortly after the marriage the husband disposed of his property and took his wife and infant child to her father's and there deserted them without means of support. His excuse was indebtedness, which he had denied prior to the marriage. *Held*, on the evidence the excuse was unsatisfactory.

3. ————: **INDIGNITIES: DESERTION: NON-SUPPORT.** Where a husband deserts his wife and infant child without providing for their support when he had remunerative employment, and impliedly in his petition for divorce asked the court to relieve him of the burden of supporting his child, he is not entitled to a divorce though his wife may have been guilty of the alleged indignities.

4. **Appellate Practice: DEPOSITION: ABSTRACT.** The action of the trial court in ruling that a deposition is not properly certified and excluding it, can not be reviewed by the appellate court unless the abstract preserves the notice and formal parts of the deposition.

(472)

Coe v. Coe.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

Affirmed.

*H. A. Wright, J. D. Dale* and *William Aull,* for appellant.

(1) The appellate court may examine into and weigh the evidence in divorce cases for the purpose of forming its own judgment, not being bound by the finding of facts made by the trial judge. Torlotting v. Torlotting, 82 Mo. App. 192; Morris v. Morris, 60 Mo. App. 86; Davis v. Davis, 60 Mo. App. 545; Green v. Green, 22 Mo. App. 494; Endsley v. Endsley, 89 Mo. App. 597; Jennings v. Jennings, 85 Mo. App. 290. The entire testimony in the case excepting that of the parties, Carmichael, Foulds, and Barnett, was in form of depositions. (2) Appellant is clearly entitled to a divorce under the evidence, and it was the duty of the court to render a decree granting the divorce. Such decree does not come as a matter of *grace.* The court has no *discretionary right* when the *essential facts* are *established* by the *evidence.* Ulrey v. Ulrey, 80 Mo. App. 48; Kilpatrick v. Kilpatrick, 80 Mo. App. 70; Descholdt v. Descholdt, 50 Mo. App. 102; Morris v. Morris, 60 Mo. App. 86; Lynch v. Lynch, 87 Mo. App. 32; Viertel v. Viertel, 86 Mo. App. 496; Shirk v. Shirk, 75 Mo. 582. (3) Appellant had the right lawfully to claim civil treatment and kindness, too, from his wife. Tripp v. Tripp, 68 Mo. App. 413; Lynch v. Lynch, 87 Mo. App. 36-7. (4) The indignities complained of by appellant consisted of unmerited, contemptuous treatments; acts and language towards him which manifested contempt for him; contumely, incivility and injury, accompanied with insult, and amounting to a species of cruelty to the *mind.* Respondent's conduct was ungentle and unwifely. Goodman v. Good-

man, 80 Mo. App. 281; Lynch v. Lynch, 87 Mo. App. 36-7; Endsley v. Endsley, 89 Mo. App. 597; 9 Am. and Eng. Ency. Law (2 Ed.), pp. 812-13.    (5)    The court erred in suppressing the testimony of Martin Ralls. There was no question concerning notice of appearance of parties, but only that the certificate of the notary was not in accordance with the statue.

*V. L. Drain,* for respondent.

(1)    That the appellate court may examine into the evidence before the trial court is conceded by respondent.    But when there is simply a conflict of testimony, the appellate court will defer to the judgment of the lower court where the trial judge saw the parties, heard the testimony, and was possessed of all the facts and circumstances in the case.    (2)    Appellant is not entitled to a divorce under the evidence.    The essential facts must be proven by a preponderance of the evidence to the satisfaction of an impartial court before the discretionary right of the court ceases in such cases.    (3)    Had no appearance been made by her the court would still have had ample authority to bring out the facts in the case, and doubtless the result would have been the same had the answer and testimony on behalf of defendant been excluded from the case. Appellant is not the innocent and injured party and therefore the judgment is right.    Greisedeck v. Greisedeck, 56 Mo. App. 94; Webb v. Webb, 45 Mo. App. 229; Moore v. Moore, 41 Mo. App. 176; Owen v. Owen, 48 Mo. App. 208; Nichols v. Nichols, 39 Mo. App. 291. (4)    The court did not err in suppressing the deposition of Martin Ralls.    There is no proper certificate as the law requires.    The notice appended to the deposition does not appear in appellant's abstract, and time and distance will prevent the insertion here, but the certificate of the notary is not such as to authorize its admission as evidence.    It does not conform to the requirements of the statute.    Section 2898, R. S. 1899.

SMITH, P. J.—This is an action for divorce based upon the ground that defendant had offered plaintiff such indignities as to render his condition intolerable. The specified indignities charged in the petition consisted for the most part of abusive language used by defendant to plaintiff. The answer was a general denial. At the trial the plaintiff testified in his own behalf to the truth of the charges alleged in his petition while the defendant testified to the untruth of such charges. The plaintiff and defendant, since nothing appears to the contrary, must be presumed to be persons of equally fair veracity, and therefore the testimony of the defendant is entitled to be given quite as much credence as that of the plaintiff. And this being so, the testimony of the plaintiff and defendant as to the indignities may with propriety be eliminated from the consideration of that branch of the case, leaving it stand, in so far as the testimony tended to prove or disprove this issue, as if no testimony had been adduced in respect to it. Of course, if there be found any unimpeachable testimony tending to corroborate that of the plaintiff touching this issue, it must be considered in determining whether or not he has made out a prima facie case. The testimony given by some of his witnesses is corroborative of his in several material particulars, but the defendant in her testimony flatly contradicts that of these witnesses. The result is, that the testimony of the plaintiff and that of his witnesses is contradicted by that of defendant. In a case of this kind we feel it to be our duty to defer to the finding of the trial court.

But even if the preponderance of the evidence was in favor of the affirmative of the issue as to the indignities, we should still not be inclined to find fault with the decree. It appears from the plaintiff's own testimony, that when he married the defendant he owned a 180-acre unincumbered farm, besides horses, cattle, hogs, sheep and farm machinery. It is not disputed that he told

his wife before their marriage that he was out of debt. It appears that eleven months after the marriage a child was born, and shortly after this event the plaintiff disposed of his farm to his father and his personal property to other relatives; and when this was done, he took his wife and child to her father and then deserted them. He does not pretend that he made any complaint to defendant or her father of her demeanor, or that he gave her the slightest intimation of his purpose to desert her and her helpless child. Nor did he make the slightest provision for the support of either of these helpless dependents. He excuses himself from this by saying that he was indebted to such an extent that it required the whole proceeds received from the sale of his property to discharge such debts, after which he was penniless. In view of all the facts and circumstances detailed in the evidence, we are not satisfied with this excuse, which we think was a mere subterfuge and entitled to no consideration.

After the plaintiff had so deserted his wife and child he disappeared and remained in his place of concealment until he disclosed his whereabouts a year and a half later by bringing this suit. Suppose the defendant did use towards plaintiff the abusive language to which he (plaintiff) and some of his witnesses testify, would any court be authorized to grant him a divorce on that account when it appears, as it does, that he had so heartlessly and cruelly deserted his wife and infant child without making any provision for either food, raiment or shelter for them, though, presumably amply able to do so? But even had he been without means, as he insists, he had youth, vigor and capacity to labor; and besides this, he had remunerative employment and could easily have contributed something to their support. No sort of excuse has been shown for this most flagrant dereliction of his duty as husband and father.

Since deserting his child he confesses that he made no sort of effort to see it, nor did he inquire as to its

whereabouts or condition. Nor does he in his petition ask for its custody and thereby evince a disposition to assume the natural burden of the care and expense of its nurture and education. He prays the court to impliedly relieve him of this burden and to cast it wholly on the weak shoulders of a mother who "has not a cent to bless her soul." Would any court grant him a divorce in the face of these undisputed facts and in the face of the statute requiring it, before granting a divorce, to require proof of his good conduct and to be satisfied that he is the innocent and injured party? We think not.

As to whether the deposition of the witness Drain was properly taken and certified according to the requirements of the statute, we are unable to determine since the notice and formal parts of it are not preserved by the abstract. In such case we must presume the ruling of the trial court that it was not and excluding it, was correct. We think the decree should be affirmed and it is so ordered.

All concur; *Ellison, J.*, in result.